RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2005 NOV 17  P 4: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| STONEWALL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ARGONAUT INSURANCE  COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

# 05 - 12305 RWZ

**COMPLAINT**

MAGISTRATE JUDGE $J L A$

Plaintiff, Stonewall Insurance Company ("SICO"), by and through its counsel,

and for its Complaint against Argonaut Insurance Company ("AIC") states as follows:

## PARTIES

1.  Plaintiff SICO is a Rhode Island corporation with its principal place of
business in Massachusetts.

2.  Defendant AIC is a California corporation with its principal place of
business in Texas.

## PRELIMINARY STATEMENT

3.  SICO seeks declaratory relief and damages due to AIC's failure and
refusal to pay over $625,000 owed to SICO under a facultative reinsurance certificate.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the
parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive
of interest and costs.

5.     This Court has personal jurisdiction over AIC because AIC regularly does business within this judicial district.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## BACKGROUND

7.     AIC participated in the reinsurance of insurance policies issued by SICO to Studebaker-Worthington, Inc. ("S-W") under a facultative reinsurance contract.

8.     SICO issued insurance policies to S-W, including policy number 33000113 (the "S-W Policy"). A copy of the S-W Policy is attached hereto and incorporated herein as Exhibit A.

9.     AIC reinsured the S-W Policy with AIC under facultative reinsurance certificate number DX-2223. A copy of this reinsurance certificate is attached hereto and incorporated herein as Exhibit B.

10.    SICO has paid in excess of $5 million dollars in indemnity for asbestos bodily injury claims under the policies issued to S-W.

11.    SICO has billed AIC a total of $626,352 under certificate number DX-2223.

12.    AIC has refused to pay any of the $626,352 billed under facultative reinsurance certificate number DX-2223.

## COUNT I

### Declaratory Judgment

13.    SICO incorporates paragraphs 1-12 above as if fully set forth in this paragraph 13.

2

14. SICO has repeatedly demanded that AIC pay the amount billed under facultative reinsurance certificate number DX-2223, but AIC has refused to do so. Therefore, there is an actual controversy between the parties regarding AIC's obligation to pay this amount.

15. AIC is obligated to pay the amount billed under facultative reinsurance certificate number DX-2223.

WHEREFORE, Stonewall Insurance Company prays that this Court enter a judgment declaring Argonaut Insurance Company is obligated to pay the $626,352 billed under facultative reinsurance certificate number DX-2223, and grant Stonewall Insurance Company such other relief in its favor as is just and proper.

## COUNT II

### Breach of Contract

16. SICO incorporates paragraphs 1-15 above as if fully set forth in this paragraph 16.

17. AIC's failure and refusal to pay the $626,352 billed to it under facultative certificate number DX-2223 is a breach of that contract.

18. SICO has fully performed all of its obligations under facultative certificate number DX-2223.

WHEREFORE, Stonewall Insurance Company prays that this Court (a) enter judgment in favor of Stonewall Insurance Company and against Argonaut Insurance Company in the amount of $626,352, plus interest, costs and attorneys fees, and (b) grant Stonewall Insurance Company such other and further relief as is just and proper.

Respectfully submitted,

STONEWALL INSURANCE COMPANY
By its attorneys

Kevin J. O'Connor, BBO #555248
Peter C. Netburn, BBO #546935
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617)  728-0050
Dated: November 17, 2005        (617)  728-0052 - fax

G:\DOCS\KJO\Cavell\Argonaut DJ\Pleadings\Argonaut Complaint.doc

A

STONEWALL INSURANCE CO. INC.

RENEWAL

COVERAGE    SUB-LINE    OTHERS    LOCATION    COMPANY    POLICY TERM

Name of
Insured

Kind of Coverage

In the amount of $

Term    Beginning at                    on the                    day of
and ending at                    on the                    day of
Standard time at the place of location of risk insured, and in accordance with terms and
conditions of the Policy attached and in accordance with Clauses on the reverse side of this
page.

In the place of issue in certain Policy forms and Endorsements
through                    inclusive, Standard Clause                    shall not apply.

PLACE OF ISSUE/LOCATION                                                    CROSS REFERENCE

Premium            Due at Acceptance    1st Anniversary  2nd Anniversary

| | PREMIUM | | |
| State Tax | | | |
| Stamping Fee | | | |
| Service Fee | | | |
| Total Fee | | | |
| TOTAL | | | |

Direct to ATLANTIC CHECK

IN CONSIDERATION OF THE ABOVE IT IS UNDERSTOOD AND AGREED
THAT ITEM 5. "AGGREGATE INSURANCE" SUBSECTION (A) "RETENTION"
OF THE SCHEDULE FORMING PART OF THIS POLICY WILL BE REDUCED
BY THE LOSSES APPLICABLE TO WORKMEN'S COMPENSATION IN THE
STATE OF CALIFORNIA.

SIGNED AND ACCEPTED _P L Crafts_
                    NAMED INSURED

All other Terms and Conditions remain unchanged.

Attached to and Forming Part of Policy No.    33000113

Issued To:         STUDEBAKER-WORTHINGTON, INC., ET AL

Effective Date:    JANUARY 1, 1974

Endorsement No.:   6                    STONEWALL INSURANCE COMPANY

                                        By _Robert M. Goodell_

GLA 12E(99)E474

... THE ... TO BE PAID TO ANY INSURED (A) ... TO THE BASIS ISSUED TO THE EX-

1) ...

2) BREACH TO ... TO ANY INSURED.

3) VIOLATION OF NORMAL OR CUSTOMARY TRADE PRACTICES.

4) BREACH OF EXPRESS OR IMPLIED WARRANTY OF FITNESS OF PURPOSE OR EXPRESS OR IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.

All other Terms and Conditions remain unchanged.

Attached to and Forming Part of Policy No. 3300112

Issued to:   ... ET AL., (SEE SCHEDULE)

Dated at:   ATLANTA, GEORGIA

Date   JANUARY 23, 1974

DEPENDABLE INSURANCE ASSO...

By _____

HOME OFFICE COPY

## MANDATORY EXCLUSIONS AND CONDITIONS

ENDORSEMENT NO.                                                                                    EFFECTIVE

It is agreed that:

As respects all operations, this policy does not apply to liability for:

The discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, solids, liquids or gases, waste materials, or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water unless such discharge, dispersal, release or escape is sudden or accidental. Fines, penalties, punitive or exemplary damages.

As respects oil or other petroleum operations over water, this policy does not apply to liability for:

1. Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly or indirectly caused by seepage, pollution or contamination.
2. The cost of removing, nullifying or cleaning-up seeping, polluting or contaminating substances.
3. Loss of, damage to, or loss of use of property directly or indirectly resulting from subsidence caused by subsurface operations of the Insured.
4. Removal of, loss of or damage to subsurface oil, gas or any other substance, the property of others.

C. As respects oil or other petroleum operations on land only, this policy does not apply to liability for:

1. Removal of, loss of or damage to subsurface oil, gas or any other substance, the property of others, provided always that this paragraph (C1) shall not apply to any liability which would otherwise be covered under this insurance for such removal, loss, or damage directly attributable to blow-out, cratering or fire of an oil or gas well owned or operated by, or under the control of, the Insured.
2. Loss of, damage to, or loss of use of property directly or indirectly resulting from subsidence caused by subsurface operations of the Insured.
3. Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly or indirectly caused by seepage, pollution or contamination, resulting from the discharge, dispersal or release, or escape of any substance into or upon any watercourse or body of water.
4. Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly or indirectly caused by seepage, pollution or contamination other than as described in Paragraph (C3) above, provided always that this Paragraph (C4) shall not apply to liability for Personal Injury or Bodily Injury or loss of or physical damage to or destruction of tangible property, or loss of use of such property damaged or destroyed where such seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this insurance.
5. The cost of removing, nullifying or cleaning-up seeping, polluting or contaminating substances unless the seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this insurance.

### CANCELLATION FOR NON PAYMENT OF PREMIUM

It is agreed that irrespective of any other terms or conditions contained in this policy or endorsements attached thereto, this policy may be cancelled by the company, or by Dependable Insurance Associates, Inc., in their behalf, for Non-Payment of any unpaid portion of the premium by delivering to the insured or by sending to the insured by mail, registered or unregistered, at the insured's address as shown herein, not less than ten days written notice stating when the cancellation shall be effective.

All other terms and conditions remain unchanged.
Attached to and Forming a Part of Policy No.  3S000112

Issued to:      STUDEBAKER-WORTHINGTON, INC., ET AL.

Dated at:       ATLANTA, GEORGIA

Date:           JANUARY 23, 1974

DEPENDABLE INSURANCE ASSOCIATES, INC.

By

STONEWALL INSURANCE COMPANY
BIRMINGHAM, ALABAMA

POLICY OF AGGREGATE INSURANCE

SCHEDULE

1. INSURED: STUDEBAKER-WORTHINGTON, INCORPORATED AND ALL SUBSIDIARIES OR DIVISIONS AS MAY NOW OR HEREAFTER BE CONSTITUTED.

2. ADDRESS: c/o ARMISTEAD, MILLER & WALLACE NASHVILLE, TENNESSEE

3. EFFECTIVE DATE: JANUARY 1, 1974

4. EXPIRATION DATE: JANUARY 1, 1975

5. AGGREGATE INSURANCE:

   $3,600,000.00    (See End # 4)

   (A) RETENTION: $3,100,000.00 TO BE ADJUSTED ON GROSS REVENUE, THE SPECIFIC RATE TO BE AGREED

   $11,000,000.00

   (B) INSURANCE LIMIT: $1,000,000.00

   (C) LOSS LIMITATION PER OCCURRENCE:  $100,000  EA OCCURR, GENERAL LIABILITY
                                                   AND
                                        100,000  EA OCCURR, AUTOMOBILE LIABILITY
                                                   AND
                                        100,000  EA OCCURR, WORKMEN'S COMPENSATION

6. PREMIUM: $68,000.00 FLAT ANNUAL

7. BASIC INSURANCE CARRIER OR SERVICE COMPANY: INSURANCE COMPANY OF NORTH AMERICA
   (1) COMPREHENSIVE GENERAL - AUTOMOBILE LIABILITY POLICY

   (2) WORKMEN'S COMPENSATION AND EMPLOYER'S LIABILITY POLICY

### STONEWALL INSURANCE COMPANY
### BIRMINGHAM, ALABAMA

# POLICY OF AGGREGATE INSURANCE

THIS IS A POLICY OF AGGREGATE INSURANCE ISSUED BY THE STONEWALL INSURANCE COMPANY (HEREIN CALLED THE COMPANY) TO THE PARTY OR PARTIES NAMED IN THE DECLARATIONS MADE A PART HEREOF (HEREIN CALLED THE INSURED).

WHEREAS, CERTAIN INSURORS HAVE ISSUED TO THE INSURED POLICIES OF INSURANCE DESCRIBED IN ITEM 7 OF THE SCHEDULE (WHICH POLICIES INCLUDING RENEWALS OR RE- PLACEMENTS THEREOF, ARE HEREIN CALLED THE BASIC INSURANCE), AND WHEREAS THE INSURED HAS PAID THE PREMIUM STATED HEREIN.

NOW, THIS POLICY TO THE EXTENT AND IN THE MANNER HEREINAFTER PROVIDED, IS TO INDEMNIFY THE INSURED FOR LOSS SUSTAINED DURING THE PERIOD OF THE POLICY, SUB- JECT TO THE TERMS AND CONDITIONS OF INSURANCE POLICIES SET OUT IN ITEM 7 OF THE SCHEDULE, WITH THE EXCEPTION OF LIMITS OF LIABILITY AND DEDUCTIBLE CLAUSES, OR WHERE AMENDED BY ENDORSEMENT ATTACHED HERETO.

PROVIDED THAT THE COMPANY'S LIMIT OF LIABILITY UNDER THIS POLICY IS LIMITED TO THE AMOUNT SPECIFIED IN ITEM 5 (B) OF THE SCHEDULE, BUT ONLY IN EXCESS OF AND AFTER THE INSURED, UNDER THE CONDITIONS HEREOF, HAS INCURRED DEFINITE LEGAL LIABILITY SO AS TO EXPEND THE INSURED'S RETENTION AS STATED IN ITEM 5 (A) OF THE SCHEDULE, SUBJECT IN ALL INSTANCES TO A MAXIMUM EXPENDITURE PER OCCURRENCE AS SET OUT IN ITEM 5 (C) OF THE SCHEDULE.

EXPENDITURES, AS USED IN THE FOREGOING PARAGRAPH SHALL INCLUDE ONLY PAYMENTS ACTUALLY MADE BY OR FOR THE INSURED OR FOR WHICH THE INSURED HAS DEFINITE LEGAL LIABILITY, SPECIFICALLY EXCLUDING ANY LEGAL OR ADJUSTMENT COSTS.

## CONDITIONS

### 1. BASIC INSURANCE OR SERVICE COMPANY

IT IS A CONDITION PRECEDENT TO THE COMPANY'S DUTY TO INDEMNIFY THAT THE INSURED HAS ENGAGED THE SERVICES OF A BASIC INSUROR OR A SERVICE COMPANY APPROVED BY THE COMPANY TO PERFORM ON BEHALF OF THE INSURED ALL INVESTI- GATION AND CLAIMS ADJUSTING SERVICES THAT ARE NECESSARY TO FINALIZE ALL CLAIMS INCURRED BY THE INSURED, AND TO MAINTAIN ACCURATE RECORDS OF ALL DETAILS INCIDENT TO SUCH CLAIMS.

### 2. RETENTION COMPUTATION

THE ANNUAL RETENTION AS DESIGNATED IN ITEM 5 (A) OF THE DECLARATIONS IS A MINIMUM RETENTION ONLY AND IS ADJUSTABLE AS INDICATED IT ITEM 5 (A). AS THE CLOSE OF EACH ANNUAL PERIOD, THE ACTUAL AGGREGATE RETENTION SHALL BE COMPUTED BASED ON THE GROSS REVENUE REPORTED BY THE NAMED INSURED.

### 3. LOSS PAYMENTS

THIS POLICY IS SOLELY BETWEEN THE COMPANY AND THE INSURED AND ALL PAY-

MENTS SHALL BE MADE TO CLAIMANTS OR OTHERS BY THE INSURED IN HIS NAME, OR ON HIS BEHALF IF SO DIRECTED BY HIM.

WHEN IT HAS BEEN DETERMINED THAT THE COMPANY IS LIABLE UNDER THIS POLICY FOR PAYMENTS MADE IN EXCESS OF THE INSURED RETENTION,

(A) THE COMPANY WILL PROMPTLY REIMBURSE THE INSURED UPON RECEIPT OF A MONTHLY OR QUARTERLY STATEMENT FROM THE INSURED SHOWING THE AMOUNT OF EXCESS PAID FOR THE PERIOD, OR

(B) IN THE EVENT OF THE INSURED GOING INTO LIQUIDATION OR BEING OTHER-WISE UNABLE TO MAKE PAYMENTS IN HIS OWN NAME, THE COMPANY WILL MAKE DIRECT TO CLAIMANTS OR OTHERS SUCH PAYMENTS AS WOULD OTHERWISE HAVE BEEN MADE BY THE COMPANY TO THE INSURED, AND THE INSURED AGREES THAT PAYMENT SO MADE BY THE COMPANY TO CLAIMANTS OR OTHERS SHALL BE EQUI-VALENT TO PAYMENT TO THE INSURED.

4. CLAIMS

THE COMPANY SHALL NOT BE REQUIRED TO ASSUME CHARGE OF THE SETTLEMENT OR DEFENSE OF ANY CLAIM MADE OR SUIT BROUGHT OR PROCEEDINGS INSTITUTED AGAINST THE INSURED BUT RESERVES THE RIGHT TO BE ASSOCIATED WITH THE IN-SURED IN THE DEFENSE OF ANY SUCH CLAIM, SUIT OR PROCEEDINGS, INCLUDING APPEALS TO HIGHER COURTS WHICH, IF THE INSURED FAILS OR REFUSES TO DO SO, MAY BE PROSECUTED IN THE NAME OF THE INSURED BY THE COMPANY, IN WHICH EVENT THE LEGAL COSTS AND EXPENSES OF SUCH APPEAL SHALL BE FOR THE COM-PANY'S OWN ACCOUNT, UNLESS THE INSURED'S FAILURE OR REFUSAL IS IN BAD FAITH.

5. REPORTS

THE INSURED, OR ON HIS INSTRUCTIONS THE BASIC INSUROR OR THE SERVICE COM-PANY, SHALL FORWARD TO THE COMPANY THE FOLLOWING REPORTS:

(A) IMMEDIATE WRITTEN NOTICE OF ANY CATASTROPHE OR EVENT THE COST OF WHICH, ADDED TO KNOWN PREVIOUS LOSSES, IS LIKELY TO EXCEED THE IN-SURED'S RETENTION;

(B) A COMPLETE MONTHLY REPORT OF ALL OCCURRENCES; AND

(C) A MONTHLY TABULATION OF ALL PAYMENTS MADE AND RESERVES SET UP FOR CLAIM.

6. SUBROGATION

IF THE COMPANY BECOMES LIABLE FOR ANY PAYMENT UNDER THIS POLICY, THE COM-PANY SHALL BE SUBROGATED, TO THE EXTENT OF SUCH PAYMENT, TO ALL THE RIGHTS AND REMEDIES OF THE INSURED AGAINST ANY PARTY IN RESPECT OF SUCH PAYMENT AND SHALL BE ENTITLED AT ITS OWN EXPENSE TO SUE IN THE NAME OF THE INSURED. THE INSURED SHALL GIVE TO THE COMPANY ALL SUCH ASSISTANCE IN ITS POWER AS THE COMPANY MAY REQUIRE TO SECURE ITS RIGHTS AND REMEDIES AND AT THE COM-

PANY'S REQUEST, SHALL EXECUTE ALL DOCUMENTS NECESSARY TO ENABLE THE COMPANY EFFECTIVELY TO BRING SUIT IN THE NAME OF THE INSURED.

7. SELF-INSURORS STATUS

IF APPLICABLE, THE INSURED NAMED IN THE DECLARATIONS HAS DULY QUALIFIED AS A SELF-INSUROR BY COMPLIANCE WITH THE PROVISIONS OF ANY LAWS RESPECT- ING SELF-INSURORS IN ALL NECESSARY STATES AND SHALL CONTINUE TO MAINTAIN SAID STATUS THROUGHOUT THE PERIOD OF THIS POLICY.

8. FINANCIAL RESPONSIBILITY

THIS POLICY DOES NOT PROVIDE PRIMARY AUTOMOBILE LIABILITY INSURANCE AND IS NOT INTENDED TO SATISFY ANY FINANCIAL RESPONSIBILITY REQUIREMENTS OF ANY STATE.

9. OTHER INSURANCE

THIS POLICY DOES NOT COVER ANY LIABILITY WHICH IS INSURED BY OR WOULD, BUT FOR THE EXISTENCE OF THIS POLICY, BE INSURED BY ANY OTHER EXISTING POLICY OR POLICIES EXCEPT IN RESPECT OF ANY EXCESS BEYOND THE AMOUNT WHICH WOULD HAVE BEEN PAYABLE UNDER SUCH POLICY OR POLICIES HAD THIS POLICY NOT BEEN IN EFFECT.

10. ARBITRATION

IF ANY DISPUTE OR CONTROVERSY SHALL RISE BETWEEN THE COMPANY AND THE IN- SURED WITH RESPECT TO ANY PROVISION IN THIS CONTRACT, IT SHALL BE RE- FERRED TO TWO ARBITRATORS, ONE TO BE CHOSEN BY EACH PARTY, AND SUCH ARBITRATORS SHALL, BEFORE ENTERING UPON THE CONSIDERATION OF ANY DISPUTE OR CONTROVERSY, IMMEDIATELY CHOOSE AN UMPIRE. THE DECISION OF ANY TWO OF THE THREE SHALL BE ABSOLUTELY BINDING UPON THE PARTIES TO THE CONTRACT, AND THE EXPENSE OF ANY SUCH ARBITRATION PROCEEDING SHALL BE SHARED BY SUCH PARTIES. SUCH ARBITRATION SHALL BE CONDUCTED AT ATLANTA, GEORGIA OR AS OTHERWISE MUTUALLY AGREED UPON.

11. DECLARATIONS

BY THE ACCEPTANCE OF THIS POLICY THE INSURED AGREES THAT THE STATEMENTS IN THE DECLARATIONS ARE HIS AGREEMENTS AND REPRESENTATIONS, THAT THIS POLICY IS ISSUED IN RELIANCE UPON THE TRUTH OF SUCH REPRESENTATIONS AND THAT THE INSURANCE EMBODIES ALL AGREEMENTS EXISTING BETWEEN ITSELF AND THE COMPANY RELATING TO THIS POLICY.

STONEWALL INSURANCE COMPANY

_____

AUTHORIZED REPRESENTATIVE

# *Argonaut Insurance Company*

DX-2223

HOME OFFICE: 250 MIDDLEFIELD ROAD • MENLO PARK, CALIFORNIA 94025

## DECLARATIONS

CEDING COMPANY AND ADDRESS

Stonewall Insurance Company

Dependable Insurance Associates Inc.
P. O. Box 7673
ATTENTION    Atlanta, Georgia 30309

RECEIVED JUN 4 1975

Studebaker-Worthington, Inc., et al
NAME OF INSURED

New
RENEWAL OF CERTIFICATE NO.

Nashville                                Tennesses
CITY                                         STATE

NA
REPLACES CERTIFICATE NO.

33000113                     1-1-74 to 1-1-75
COMPANY POLICY NO.          COMPANY POLICY PERIOD

1-1-74 to 1-1-75
REINSURERS CERTIFICATE PERIOD

| ITEM 1 TYPE OF INSURANCE | Aggregate Insurance | | |
|---|---|---|---|
| ITEM 2 POLICY LIMITS AND APPLICATION | ITEM 3 COMPANY RETENTION | ITEM 4 REINSURANCE ACCEPTED | ITEM 5 BASIS OF ACCEPTANC |
| $10,000,000 excess of $1,000,000 excess of underlying | $8,000,000 part of $10,000,000 excess of $1,000,000 excess of underlying net, treaty or facultatively reinsured | $2,000,000 part of $10,000,000 excess of $1,000,000 excess of underlying | ☐ Excess of Loss<br><br>☒ Contributing Excess<br><br>☐ Non-Concurrent |

The Reinsurers Net Premium For This Certificate Shall Be $ ___3487.50___    ☒ FIXED CHARGE    ☐ DEPOSIT PREMIL

THIS PREMIUM SHALL BE ADJUSTED ANNUALLY AT:

| RATE | BASE | ESTIMATED EXPOSURE | REINSURERS ESTIMATED ANNUAL PREMIUM |
|---|---|---|---|
| | | | |

Minimum Premium For Reinsurance Period $ ___3487.50___    Minimum Premium For Certificate $ _____

Countersigned At ___Menlo Park, Calif.___  This ___8th___ Day of ___May___ 19 75

*Argonaut Insurance Company*

by: _____ Authorized Signature

**HOME OFFICE: 250 MIDDLEFIELD ROAD ● MENLO PARK, CALIFORNIA 94025**

(herein called the Reinsurer)

## REINSURING AGREEMENTS AND CONDITIONS

In consideration of the payment of the premium, and subject to the terms, conditions and limits of liability set forth herein and in the Declarations made a part hereof, the Reinsurer does hereby reinsure the ceding company named in the Declarations (herein called the Company) in respect of the Company's policy(ies) as follows:

A.    The Company warrants to retain for its own account, subject to treaty reinsurance if applicable, the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer. The liability of the Reinsurer, as specified in Item 4 of the Declarations, shall follow that of the Company and shall be subject in all respects to all the terms and conditions of the Company's policy except when otherwise specifically provided herein or designated as non-concurrent reinsurance in the Declarations. The Reinsurer's certificate period shall be as specified in the declarations at 12:01 AM as to both dates at the place specified in the Company's policy. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto and agrees to notify the Reinsurer promptly of all changes which in any manner affect this certificate of reinsurance. The Company shall make available for inspection, and place at the disposal of the Reinsurer at all reasonable times, all records of the Company relating to this certificate of reinsurance or claims in connection therewith.

B.    In no event shall anyone other than the Company or, in the event of the Company's insolvency, its receiver, liquidator or statutory successor, have any rights under this agreement.

C.    The Company shall notify the Reinsurer promptly of any occurrence which in the Company's estimate of the value of injuries or damages sought, without regard to liability, might result in judgment in an amount sufficient to involve this certificate of reinsurance. The Company shall also notify the Reinsurer promptly of any occurrence in respect of which the Company has created a loss reserve equal to or greater than fifty (50) percent of the Company's retention specified in Item 3 of the Declarations; or, if this reinsurance applies on a contributing excess basis, when notice of claim is received by the Company. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and shall be given the opportunity, with the full cooperation of the Company, to associate counsel at its own expense and to join with the Company and its representatives in the defense and control of any claim, suit or proceeding involving this certificate of reinsurance.

D.    All loss settlements made by the Company, provided they are within the terms and conditions of the original policy(ies) and within the terms and conditions of this certificate of reinsurance, shall be binding on the Reinsurer. Upon receipt of a definitive statement of loss, the Reinsurer shall promptly pay its proportion of such loss as set forth in the Declarations. In addition thereto, the Reinsurer shall pay its proportion of expenses (other than office expenses and payments to any salaried employee) incurred by the Company in the investigation and settlement of claims or suits and its proportion of court costs and interest on any judgement or award, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment. If there is no loss payment, the Reinsurer shall pay its proportion of such expenses only in respect of business accepted on a contributing excess basis and then only in the percentage stated in Item 4 of the declarations in the first layer of participation.

E.    Definitions

As used in this Certificate the following terms shall have the meaning set opposite each.

*Excess of Loss* - The limit(s) of liability of the Reinsurer, as stated in Item 4 of the Declarations, applies(y) only to that portion of loss settle-

ment(s), in excess of the applicable retention of the Company as stated in Item 3 of the Declarations.

*Contributing Excess* - The Company's policy applies in excess of other valid insurance, reinsurance or a self-insured retention and the limit of liability of the Reinsurer applies proportionally to all loss settlements in the percentage(s) set forth in Item 4 of the Declarations.

*Non-Concurrent* - The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in the Declarations. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in the Declarations.

F.    The Reinsurer will be paid or credited by the Company with its proportion of salvage, that is, reimbursement obtained or recovery made by the Company, less all expenses paid by the Company in making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

G.    The Company will be liable for all taxes on premiums ceded to the Reinsurer under this certificate of reinsurance.

H.    In the event of the insolvency of the Company, the reinsurance provided by this certificate shall be payable by the Reinsurer on the basis of the liability of the Company under the policy(ies) reinsured, without diminution because of such insolvency, directly to the Company or its receiver, liquidator, or statutory successor. The Reinsurer shall be given written notice of the pendency of each claim against the Company on the policy(ies) reinsured hereunder within a reasonable time after such claim is filed in the insolvency proceedings. The Reinsurer shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where such claim is to be adjudicated, any defenses which it may deem available to the Company or its receiver, liquidator or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as the result of the defense undertaken by the Reinsurer.

I.    The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

J.    Should the Company's policy be cancelled, this certificate shall terminate automatically at the same time and date. This certificate may also be cancelled by the company or by the reinsurer upon not less than thirty days prior written notice, one to the other, stating when thereafter the reinsurance afforded hereby shall terminate. Proof of mailing shall be deemed proof of notice and calculation of the earned premium shall follow the company's calculation in the use of short rate or pro rata tables.

K.    The terms of this certificate of reinsurance shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**IN WITNESS WHEREOF**, ARGONAUT INSURANCE COMPANY has caused this certificate of reinsurance to be signed by its President and Secretary at Menlo Park, California, but the same shall not be binding upon the Reinsurer unless countersigned by an authorized representative of the Reinsurer.

**Secretary**

**President**

RECEIVED IN CLERK'S OFFICE

DATE: 11/18/05

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

)
STONEWALL INSURANCE COMPANY, )
)
Plaintiff, )
)
v. ) No.
)
ARGONAUT INSURANCE COMPANY, )
)
Defendant. ) **05 - 12305 RWZ**
)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure and Rule 7.3(A)

of the Local Rules of the United States District Court for the District of Massachusetts,

the Plaintiff, Stonewall Insurance Company has no parent, affiliated or subsidiary

corporations that have issued stock or debt securities to the public.

STONEWALL INSURANCE COMPANY,
By its attorneys,

Kevin J. O'Connor, BBO 555248
Peter C. Netburn, BBO 546935
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052 (F)

Dated: November 17, 2005
G:\DOCS\KJO\Cavell\Argonaut DJ\Pleadings\Corp Disclosure.doc

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

IN CLERKS OFFICE

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Stonewall Insurance Company | Argonaut Insurance Company |

2005 NOV 17  P 4:12

| **(b)**  County of Residence of First Listed Plaintiff Middlesex, MA | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
|  | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.  DISTRICT OF MASS. |

(617) 728-0050

| **(c)**  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Kevin J. O'Connor & Peter C. Netburn<br>Hermes, Netburn, O'Connor & Spearing, P.C.<br>265 Franklin Street, 7th Fl, Boston, MA 02110 | unknown |

1 2 3 0 5 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1  Original Proceeding | ☐ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7  Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC sec. 1332(a)

Brief description of cause: The Plaintiff seeks to recover paid losses under applicable reinsurance contracts.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $626,352.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11-17-05 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

*FILED*
*W. CLERKS OFFICE*

1. Title of case (name of first party on each side only) ___Stonewall Insurance Company___

   ___Argonaut Insurance Company___

*'005 NOV 17 P 4: 12*

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

|   |      |                                                                                                                                                        |                                                                              |
|---|------|--------------------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------|
|   | I.   | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.                                                                                                 |                                                                              |
|   | II.  | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.                      | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases     |
| X | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.            |                                                                              |
|   | IV.  | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.                                       |                                                                              |
|   | V.   | 150, 152, 153.                                                                                                                                          |                                                                              |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]    NO [XX]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [X]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Peter C. Netburn, Esq.___

ADDRESS ___Hermes, Netburn, O'Connor & Spearing, P.C.___

TELEPHONE NO. ___265 Franklin Street, 7th Fl., Boston, MA 02110___    (617) 728-0050

(CategoryForm.wpd - 5/2/05)

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052



PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER

(617) 210-7720

November 17, 2005

Office of the Clerk
United States District Court
John Joseph Moakley Federal Courthouse
One Courthouse Way
Boston, MA 02210

# 05 - 12305 RWZ

### Re:   Stonewall Insurance Company v. Argonaut Insurance Company

Dear Sir or Madam:

Enclosed for filing in the above-referenced matter, please find the following documents:

1.   Civil Action Cover Sheet;

2.   Category Sheet;

3.   Complaint;

4.   Corporate Disclosure Statement; and

5.   A check in the amount of $250.00 for the filing fee.

Very truly yours,

Peter C. Netburn

PCN:ras
Enclosures
cc:   Brian Bendig, Esquire
G:\DOCS\KJO\Cavell\Argonaut DJ\Correspondence\Clerk 11.17.05.doc